IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CESAR IBARRA, ) | |
| ID # 48237-177, ) | |
|     Movant, ) | No. 3:20-CV-1811-D-BH |
| vs. ) | No. 3:14-CR-210-D (1) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 21, 2020 (doc. 4). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

On June 4, 2014, Cesar Ibarra (Movant), a current inmate in the federal prison system, was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One); and conspiracy to commit robbery affecting interstate and foreign commerce in violation of 18 U.S.C. § 1951(a) (Count Two).  (*See* doc. 1).[2]  Pursuant to a plea agreement, Movant pled guilty to Count One of the indictment on December 4, 2014. (*See* docs. 209, 210, 217.)  On March 20, 2015, he was sentenced to 235 months' imprisonment, to be followed by a five-year term of supervised release.  (*See* docs. 297, 298.)  Movant did not appeal his conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:14-CR-210-D(1).

On July 11, 2019, Movant's "letter/motion" in the criminal case specifically requesting to vacate his sentence based on a recent Supreme Court case was received, and by order dated July 22, 2019, the filing was liberally construed and characterized as a motion to vacate sentence under 28 U.S.C. § 2255. (*See* No. 3:19-CV-1685-D-BH, docs. 1, 4.) Because Movant had not designated his filing as a § 2255 motion or previously filed a § 2255 motion, the order set forth the notice and warnings about the consequences of the characterization of the filing as a § 2255 motion that are required by *Castro v. United States*, 540 U.S. 375 (2003). (doc. 4 at 2.) He was also given an opportunity to either withdraw the recharacterized § 2255 motion, or to amend it so that it contained all of the grounds for relief that he believed were available to him under § 2255, within 30 days. (*See id.*) The order specifically stated that if Movant dismissed his motion to vacate, it would be dismissed without prejudice to filing any future § 2255 motion, but that any future motion might be barred by the one-year statute of limitations set forth in § 2255(f). (*See id.*)

Movant subsequently filed a *Motion for Enlargement of Time* in which he specifically requested that his "letter/motion" not be construed as his § 2255 motion, and that it be dismissed, or in the alternative, that he be given an extension of 90 days to file his § 2255 motion. (*See id.*, doc. 5.) The filing was liberally construed as a notice of voluntary dismissal of his § 2255 motion under Fed. R. Civ. P. 41(a) by order dated August 1, 2019, and the case was closed. (*See id.*, doc. 6.) The order again specifically cautioned Movant that any future § 2255 motion might be barred by the statute of limitations. (*See id.*) Almost one year later, Movant filed an unsigned memorandum in support of a § 2255 motion in the closed case. (*See id.*, doc. 7.)

A new habeas case was opened for Movant's filing. (*See* 3:20-CV-1811-D, doc. 1.) In his amended § 2255 motion and supporting memorandum, he appears to challenge his conviction

2

and sentence on grounds that his trial counsel was ineffective for failing to: (1) challenge the government's case-in-chief, the application of several sentencing enhancements in the presentence report, and the calculation of his criminal history; and (2) ensure that Movant was fully aware of the nature of the enhancements. (*See id.*, doc. 4 at 6-7; doc. 5 at 2-3, 5.)

## II.   STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Regarding § 2255(f)(1), Movant's conviction became final on April 3, 2015, when the fourteen-day period for appealing the criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). He does

3

not allege that government action prevented him from filing a § 2255 petition earlier, and he has not alleged any newly recognized right. *See* 28 U.S.C. §§ 2255(f)(2), (3).

Movant's claims that his trial counsel was ineffective during sentencing became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, April 3, 2015. Movant did not file his § 2255 motion until over five years later, so it is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to

equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant provides no basis for equitably tolling the limitations period. Because he has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion should be denied as untimely.

### III. RECOMMENDATION

The *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 21, 2020, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 12th day of August, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE